# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EDDIE VAUGHANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:15-CV-372-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Eddie Vaughans, a *pro se* prisoner, filed an Amended Habeas Corpus Petition [ECF No. 3], pursuant to 28 U.S.C. § 2254, challenging his 2005 drug conviction in Marion County in Cause No. 49G20-0303-FA-050900. The Respondent argues that the Amended Habeas Corpus Petition must be dismissed because it is untimely and the claims are procedurally defaulted.

## BACKGROUND

In deciding the Amended Petition, the Court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Vaughans' burden to rebut this presumption with clear and convincing evidence. *Id*. On direct appeal, the Indiana Court of Appeals set forth the facts underlying this case as follows:

> On March 28, 2003, Marion County Sheriff's Department Officer Garth Schwomeyer drafted a probable cause affidavit to obtain a search warrant for Vaughans's residence. The affidavit provides in pertinent part:
>
> > ON MARCH 27, 2003 DET SCHWOMEYER AND ASSISTING UNITS OF THE MARION COUNTY SHERIFF'S DEPARTMENT COVERT OPERATIONS GROUP CONTINUED AN INVESTIGATION INTO THE SALES AND DISTRIBUTION OF ILLEGAL NARCOTICS AT 5264 N MICHIGAN ROAD APARTMENT #204, INDIANAPOLIS,

1

MARION COUNTY, INDIANA. DET SCHWOMEYER FOUND THE PRIMARY RESIDENT OF 5264 N MICHIGAN ROAD #204 TO BE EDDIE VAUGHANS B/M DOB 05/10/1964 AND A SS# OF 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. THE RESIDENCE AT 5264 N MICHIGAN ROAD #204 IS DESCRIBED AS A THREE STORY, MULTI-FAMILY APARTMENT BUILDING CONSTRUCTED OF BROWNISH BRICK WITH BEIGE SIDING AND HAS A REDDISH BROWN SHINGLED ROOF, APARTMENT NUMBER #204 IS ON THE SECOND FLOOR AND HAS THE NUMBERS 204 AFFIXED TO THE FRONT DOOR ON A COMBINATION DOOR KNOCKER AND PEEP HOLE. (SEE PHOTO) [PHOTO INSERTED HERE IN ORIGINAL.]

ON MARCH 27, 2003 DET SCHWOMEYER UTILIZED A CONFIDENTIAL INFORMANT (CI) TO CONDUCT A CONTROLLED PURCHASE OF WHAT WAS REPRESENTED TO BE $100.00 WORTH OF COCAINE BASE FROM THE RESIDENCE LOCATED AT 5264 N MICHIGAN ROAD #204. THE CI PLACED A TELEPHONE CALL TO EDDIE VAUGHANS TO ARRANGE THE TRANSACTION AND WAS TOLD BY MR VAUGHANS TO COME OVER TO HIS RESIDENCE. DET SCHWOMEYER SEARCHED THE CI IN ACCORDANCE WITH SHERIFF'S DEPARTMENT STANDARD OPERATION PROCEDURE AND FITTED HIM/HER WITH AN AUDIO MONITORING DEVICE. DET SCHWOMEYER SUPPLIED THE CI WITH $100 OF OFFICIAL MARION COUNTY SHERIFF'S DEPARTMENT BUY MONEY, WHICH HAD BEEN PREVIOUSLY RECORDED AND WATCHED THE CI PROCEED TO 5264 N MICHIGAN ROAD. DET WILKERSON MAINTAINED VISUAL CONTACT WITH THE CI AS HE/SHE WENT TO APARTMENT #204 AND ENTERED THE APARTMENT. DETECTIVES MONITORED THE CONVERSATION INSIDE THE APARTMENT AS THE CI EXCHANGED THE PROVIDED CURRENCY FOR TWO SMALL BAGGIES OF OFF WHITE SUBSTANCE THAT DET SCHWOMEYER BELIEVES BASE[D] ON HIS TRAINING AND EXPERIENCE AS A NARCOTICS DETECTIVE TO BE COCAINE BASE (CRACK). [U]PON COMPLETING THE TRANSACTION THE CI EXITED THE APARTMENT AND PROCEEDED TO A PREDETERMINED MEET LOCATION UNDER CONSTANT OBSERVATION BY DETECTIVES. DET SCHWOMEYER RECOVERED THE TWO BAGGIES OF SUSPECTED COCAINE FROM THE CI'S RIGHT FRONT POCKET AND SECURED THEM IN A HEAT SEALED ENVELOPE. DET SCHWOMEYER CONDUCTED ANOTHER SEARCH OF THE CI PURSUANT TO STANDARD OPERATING PROCEDURE. DET SCHWOMEYER DEBRIEFED THE CI AND TRANSPORTED THE

> SUSPECTED NARCOTICS TO THE PROPERTY ROOM FOR ANALYSIS. ON MARCH 28, 2003 MARION COUNTY CRIME LAB CHEMIST GLEN MAXWELL M9357 FOUND THE SUBSTANCE SUBMITTED FROM THE CONTROLLED BUY ON MARCH 27, 2003 AT 5264 N MICHIGAN ROAD #204, TO BE 0.4860 GRAMS OF COCAINE. GIVEN THE ABOVE STATED FACTS AND ATTENDING CIRCUMSTANCES DET SCHWOMEYER BELIEVES AND HAS GOOD CAUSE TO BELIEVE THAT ADDITIONAL NARCOTICS MAY BE CONCEALED INSIDE THE RESIDENCE LOCATED AT 5264 N MICHIGAN ROAD #204. DET SCHWOMEYER REQUESTS THAT A SEARCH WARRANT BE ISSUED FOR 5264 N MICHIGAN ROAD #204 AND THERE DILIGENTLY SEARCH FOR THE FOLLOWING ITEMS TO WIT: COCAINE, OTHER CONTROLLED SUBSTANCES, MONIES, CELL PHONES AND PAGERS USED TO FACILITATE NARCOTICS TRANSACTIONS, WEAPONS USED TO PROTECT SAID INTERESTS, LEDGERS OR RECORDS OF ILLEGAL NARCOTICS TRANSACTIONS, PERSONS ON OR ABOUT THE CURTILAGE OF THE PROPERTY WHICH MAY BE CONCEALING ABOVE STATED ITEMS, VEHICLES DIRECTLY ASSOCIATED WITH THE OWNER OF THE RESIDENCE EDDIE VAUGHANS.

Based upon this affidavit, a search warrant was issued.

Later that afternoon, on March 28, 2003, a team from the Marion County Sheriff's Department executed the search warrant. Vaughans was in his one-bedroom apartment with an acquaintance, Jerome Elders, during the search. Officers recovered $140 in cash and a small rock of cocaine, worth about $40, from Elders's pockets. They found $2920 in cash rolled up in Vaughans's pocket. Within Vaughans's reach, officers discovered 3.1422 grams of cocaine. Two other rocks of cocaine were found in the apartment, 3.0090 grams in the living room and 3.1422 grams on the kitchen counter. Near the cocaine in the kitchen, officers discovered a box of plastic baggies and a pill bottle containing forty Hydrocodone pills, for which Vaughans did not have a prescription. Finally, a .22 caliber revolver was found under Vaughans's bed, loaded with nine rounds of hollow point ammunition, and a .25 caliber handgun was found between the cushions of the couch in the living room. Vaughans and Elders were arrested at the scene. On March 31, 2003, Vaughans was charged with Count I, class A felony dealing in cocaine; Count II, class C felonypossession of cocaine; Count III, class C felony possession of cocaine and a firearm; Count IV, class B felony unlawful possession of a firearm by a serious violent felon; and, Count V, class D felony possession of a controlled substance. Count IV was later dismissed by the State.

> On April 1, 2005, the trial court held a hearing on Vaughans's motion to suppress evidence obtained as a result of the search. Vaughans claimed that the underlying affidavit for the search warrant failed to establish probable cause. The trial court subsequently denied the motion to suppress. Following a jury trial, in July 2005, Vaughans was found guilty as charged. The trial court entered convictions on Counts I, III, and V. Thereafter, on August 9, 2005, the trial court sentenced Vaughans to forty-five years in prison on Count I, five years on Count III, and two years on Count V. The sentences for Counts I and V were ordered to be served consecutively, for an aggregate sentence of forty-seven years in prison.

*Vaughans v. State*, No. 49A02-0509-CR-848, slip op. at *2–5 (Ind. Ct. App. Oct. 2, 2006) (internal citation and footnote omitted).

On direct appeal, Vaughans challenged the sentence and the evidence seized pursuant to the search warrant. *Id.* The Indiana Court of Appeals affirmed his conviction and sentence [ECF No. 12-2], and Vaughans did not seek transfer to the Indiana Supreme Court.

On June 8, 2007, Vaughans filed a Petition for Post-Conviction Relief [ECF No. 12-1]. On January 13, 2010, the post-conviction court granted his request to withdraw the Petition. On January 25, 2011, Vaughans re-filed his Petition for Post-Conviction Relief. After a hearing, the post-conviction court denied his Petition on November 1, 2011. Vaughans appealed the denial of post-conviction relief, but the Appeal was dismissed with prejudice because his Notice of Appeal was untimely. [ECF No. 12-3.] Vaughans did not seek transfer to the Indiana Supreme Court.

On August 20, 2015, Vaughans initiated this case by filing his Petition for Writ of Habeas Corpus, but it was stricken because he used the wrong form. He then filed an Amended Habeas Petition on September 8, 2015. Giving the Amended Petition liberal construction, Vaughans claims that: (1) his sentence was improperly enhanced because the enhancement was based on a judgment that was not signed by the presiding judge; (2) the Probable Cause Affidavit that led to his arrest was unsigned; and (3) his sentence was excessive.

4

**ANALYSIS**

The Respondent argues that Vaughans's Amended Petition should be dismissed because it is untimely and the claims are procedurally defaulted. The Court examines these arguments in turn.

**A.    The Amended Habeas Petition is Untimely.**

Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Nothing in Vaughans's response, nor anything else in the Amended Petition, indicates that State action impeded him from filing sooner, or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore, the 1-year period of limitation began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Vaughans claims his Amended Petition is timely because his conviction never became final, asserting that the trial judge that presided over his state criminal case never signed the Judgment of Conviction. Regardless of whether the state trial judge signed the judgment or not, the 1-year period of limitation began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Here, Vaughans' conviction became final on November 1, 2006, when the time to seek transfer to the Indiana Supreme Court expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005). Therefore, Vaughans had until November 1, 2007, in which to file a writ of habeas corpus or properly file a collateral attack in state court to toll the limitations period.

Vaughans did file his Petition for Post-Conviction Relief on June 8, 2007, to toll the statute of limitations after 219 days ran. However, Vaughans withdrew that Petition on January 13, 2010. After that date, he no longer had "a properly filed application for State post-conviction or other collateral review" and thus, the tolling ended. 28 U.S.C. § 2244(d). He did not file another Petition for Post-Conviction Relief until 377 days later. However, once the limitations period expired, filing another Amended Post-Conviction Relief Petition did not "restart" the

federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Accordingly, because this Amended Habeas Corpus Petition is untimely, it must be dismissed.[1] Though this might seem harsh, even petitions that are one day late are time barred because "courts have to draw lines somewhere" and "statutes of limitation protect important societal interests." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted); *see also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010) (barring the petitioner's appeal when he was late to file by one day).

**B.     Vaughans' Claims Are Also Procedurally Defaulted.**

In addition to being untimely, Vaughans's claims are also procedurally defaulted. Before considering the merits of a claim, the Court must ensure that a petitioner exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Interests of comity require that the state courts be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, a petitioner must fairly present his/her constitutional claim in one complete round of state review, including with the state court of last resort. *Baldwin v. Reese*, 541 U.S. 27, 30–31 (2004); *O'Sullivan*, 526 U.S. at 845. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim

---

[1] Vaughans does not argue that he is entitled to equitable tolling or that failure to consider the merits of his claims would result in a fundamental miscarriage of justice.

was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Vaughans concedes that he never raised any of his claims to the Indiana Supreme Court. Consequently, because Vaughans did not go through one complete round of state view, his claims are procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, a petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626–27 (7th Cir. 2003) (emphasis in original).

Vaughans does not assert any basis for this Court to excuse his procedural default. Therefore, the Court cannot reach Vaughans's claims on the merits and his Amended Petition must be denied.

## CERTIFICATE OF APPEALABILITY

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant a certificate of appealability. When the Court dismisses a petition on

procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). First, a petitioner must show that reasonable jurists would find it debatable whether the Court was correct in its procedural ruling. *Id.* at 484. If a petitioner meets that requirement, then s/he must show that reasonable jurists would find it debatable whether his/her petition states a valid claim for the denial of a constitutional right. *Id.*

As previously explained, this Amended Petition is untimely and the claims are procedurally defaulted. Vaughans has not presented a colorable argument for how his Petition could be considered timely or not procedurally defaulted, nor did he claim these deficiencies could be equitably excused. Because there is no basis for finding that jurists of reason would debate the correctness of this Court's rulings or find a reason to encourage Vaughans to proceed further, a certificate of appealability must be denied.

**CONCLUSION**

For these reasons, the Court **DENIES** habeas corpus relief because the Amended Petition [ECF No. 3] is untimely and **DENIES** a certificate of appealability.

SO ORDERED on April 14, 2017.

s/ Theresa Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT